O’NIELL, C. J.
 

 This is
 
 k
 
 suit for the wages of an employee who was discharged before the term of his employment had expired. The court gave judgment in his favor for $2,843.38. with legal interest from judicial demand. The defendant has appealed.
 

 Plaintiff was employed as secretary-treasurer and general manager of the defendant corporation for the year beginning on the 1st of August, 1919, and ending on the 31st of July, 1920. The contract of employment was signed by the president of the corporation under authority of a resolution of the board of directors. The salary was fixed at $200 a month, plus 49 per cent, of the net profits of the year, after deducting all operating expenses. The salary of $2,400 was to be deducted as a part of the operating expenses, and there was to be deducted also, before calculating the 49 per cent., a fixed charge of $816, being 6 per cent, on the capital stock of $7,000 and on an outstanding-chattel mortgage for $6,600.
 

 Plaintiff was discharged on the 15th of June, 1920, and his salary for that month was paid. He sued for the salary for July, and for 49 per cent, of the net profits, of which he demanded an accounting.
 

 Answering the suit, defendant admitted that plaintiff was employed as alleged in his petition, but averred that the contract of employment was procured by fraud and deception on his part, and should be annulled. Defendant averred that, even if the contract
 
 *645
 
 should not be annulled, plaintiff’s petition did not set forth a right or cause of action, because he did not allege that he had fulfilled the stipulation in the contract of employment that he should “honestly and industriously manage the affairs of the company.” Reserving the benefit of the exception of no cause or right or action, defendant averred that plaintiff had not complied with the condition quoted in defendant’s answer.
 

 Further answering, defendant admitted that plaintiff was discharged in June, 1920, by virtue of a resolution of the board of directors of the corporation, and averred that the discharge was for legal and sufficient cause. Specifying the cause, defendant averred that, during the months of May and June, 1919, plaintiff bought and sold fish for account of the company at a loss of $267.91, knowing that the business of the company was to be confined to buying and shucking and selling oysters. Defendant averred, moreover, that, after plaintiff was discharged, it was discovered that he had committed two serious wrongs which would have justified his discharge sooner if the facts had been known. Specifying the alleged offenses, defendant averred, substantially, first, that plaintiff had appropriated to his own use $250 of the corporation’s money, and, second, that he had put an undue quantity of water into the containers of oysters that were shipped to defendant’s customers, thus injuring the company’s business and impairing the good will, and compelling the company to pay rebates and to be bothered with demands for further rebates not yet paid. Defendant adr mitted that the profit earned during the term of the contract was approximately $7,-500, but denied that plaintiff was entitled to any part of it.
 

 Defendant set up a reconventional demand for $4,500, averring that plaintiff had overdrawn his salary account $3,500 during the two years preceding the month of August, | 1919; that he had drawn $750, with the consent of the president of the corporation, as an advance on the profits earned under the contract sued on, which he was not entitled to; and that he should repay the company also the $250 which he had collected and appropriated to his own use.
 

 Opinion.
 

 The allegations of the petition, that plaintiff was employed according to the contract annexed to the petition, and had served until the date when he was discharged without cause, stated a cause of action. It was not necessary for plaintiff to aver, literally, that he had managed the affairs of the corporation “honestly and industriously.” It was a matter of special defense for the defendant to plead, if the defendant believed, as the defendant did believe and plead, that there was a want of honesty or of industry in plaintiff’s management of the corporation’s affairs. The special stipulation in the contract for honesty and industry in the management of the corporation’s affairs was supererogation.
 

 The averment in defendant’s answer that plaintiff procured the contract of employment by fraud and deception was not well founded. Plaintiff had been in the company’s employ as manager for four years when this contract was made. The president of the corporation died in February, 1919, and his widow was elected president before this contract was made. She and the attorney for the corporation had a thorough investigation made of the company’s affairs, and had the books and accounts audited. There was no misrepresentation or deception on plaintiff’s part. He was entitled to the $3,500 which he drew against the profits earned during the two years preceding the making of this contract. The company made a profit of $8,623.86 during those two years.
 

 Plaintiff’s buying and selling fish for
 
 *647
 
 the corporation during May and June, 1920, was not a sufficient cause for discharging him. The object and purpose for which the corporation was organized was declared in its charter to be “to engage in the business of buying and selling oysters, game, fish, shrimp, and' other sea food,” etc. It was no cause for discharging lolaintiff if the fish transactions did result in a loss of $267.91, for it is not doubted that the transactions were conducted in good faith and for the interest of the corporation. Besides, the evidence leaves some doubt that the transactions were unprofitable.
 

 Defendant’s averment that plaintiff misappropriated $250 was a mistake, and was withdrawn during the trial of the case.
 

 There is no proof of dishonesty on the part of the plaintiff in the quantity of water that was in the containers of oysters shipped to defendant’s customers. We are not informed of any standard for the shipment of oysters in that respeót. The members of the board of directors were as well informed as the plaintiff was about the packing 'and shipping of the oysters, and they approved of the way it was done. There is no proof that the business of the corporation was injured in that way, or that any rebates were ever paid.
 

 Plaintiff admits that he received $750 from the «president of the corporation, as an advance on his share of the profits of the business, and avers that he forgot to give credit for it. The two other claims in defendant’s «conventional demand, one for $3,500 and the other for $250, as we have explained, are not sustained.
 

 It is argued in appellant’s brief that the resolution of the board of directors, authorizing the president to employ plaintiff, was not valid. It is contended that, in filling vacancies on the board of directors, before the resolution was adopted, two of the stockholders who were elected as members of the board were nominated by a stockholder who had not yet been elected a member of the board. The argument is not consistent with the answer to the suit. It was admitted and repeated in defendant’s answer that plaintiff was employed by virtue of a resolution of the board of directors. It is true defendant said that the resolution was procured by fraud and deception on plaintiff’s part, but there was no suggestion that the board was not legally organized. No such issue was raised in the trial of the case. And the minutes of the meetings of the board, which were introduced in evidence, leave much doubt about the facts upon which appellant’s new argument is based. Be that as it may, appellant is bound by the judicial admission made in the answer to this suit that the president of the corporation was authorized to make the contract of employment sued on.
 

 The amount of the judgment is correct. The profits for the year, after deducting plaintiff’s salary of $2,400 and the fixed charge of $816 for interest on the capital stock and chattel mortgage, amounted to $6,926.17.
 

 The judgment is affirmed.